

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:

Opinion No. O-2305
Re: Revised Civil Statutes,
Article 4365 -- Lost
State warrant -- Issu-
ance by Comptroller of
duplicate -- Bond --
Political subdivision
as payee.

We have your request for a legal opinion as follows:

"March 11, 1940, this department issued General Revenue Warrant No. 57763 in the amount of $111,108.20 to the Dallas Independent School District. This warrant was either lost in the mails and never reached the Dallas Independent School District or was lost or misplaced by the Dallas Independent School District after it had been received, and is now lost from the District.

"Article 4365, V. A. C. S., is the authorization for this department to issue duplicate warrant upon the applicant filing his affidavit and bond.

"The Dallas Independent School District claims that it being a political subdivision of the State it is not required to give bond. I will thank you to advise this department whether the

Comptroller is authorized to issue duplicate warrant without the School District filing its affidavit and bond, as required by Article 4365, V. A. C. S.

"If you hold in your opinion that the political subdivision is not required to give bond for the issuance of a duplicate warrant, then, what evidence, or claim, would be required of the district before this department could issue the duplicate warrant?"

The pertinent part of Article 4365 of our Revised Civil Statutes is as follows:

"The Comptroller, when satisfied that any original warrant drawn upon the State Treasurer has been lost or destroyed, or when any certificate or other evidence of indebtedness approved by the auditing board of the State has been lost, is authorized to issue a duplicate warrant in lieu of the original warrant or a duplicate or a copy of such certificate, or other evidence of indebtedness in lieu of such original; but no such duplicate warrant, or other evidence of indebtedness, shall issue until the applicant has filed with the Comptroller his affidavit, stating that he is the true owner of such instrument, and that the same is in fact lost or destroyed, and shall also file with the Comptroller his bond in double the amount of the claim with two or more good and sufficient sureties, payable to the Governor, to be approved by the Comptroller, and conditioned that the applicant will hold the State harmless and return to the Comptroller, upon demand being made therefor, such

Honorable George H. Sheppard - Page 3

> duplicates or copies, or the amount of
> money named therein, together with all
> costs that may accrue against the State
> on collecting the same. * * *"

This statute is plain and unambiguous. It expressly forbids the issuance of a duplicate warrant unless the applicant "shall also file with the Comptroller his bond in double the amount of the claim with two or more good and sufficient sureties, payable to the Governor, to be approved by the Comptroller, and conditioned that the applicant will hold the State harmless and return to the Comptroller, upon demand being made therefor, such duplicates or copies, or the amount of money named therein, together with all costs that may accrue against the State on collecting the same."

The statute is general and applies to all payees of State warrants who, by reason of loss or destruction of the warrant, seek to have a duplicate issued. No exception whatever is made and none is to be read into the statute unless such an exception is one compelled by some other statute or supervening public policy. No such extra-ordinary situation as this is presented by your letter.

The general rule of statutory construction, prescribed by statute itself, is that all statutes are to be liberally construed with a view to effect their objects and to promote justice. (Rev. Civ. Stat. Art. 10, Sub. 8).

While the State as sovereign is paymaster to its governmentally supported persons, boards and instrumentalities whatsoever, nevertheless, a strict individual accounting is kept with each of such officers, boards, or beneficiaries of State funds, and its appropriation of the public funds from the treasury are constitutionally controlled.

There is no just reason, therefore, for holding that a political subdivision, as owner of a lost or destroyed State warrant is not within the requirement of Article 4365. On the contrary, there is every sound reason for holding that they are within the statute.

This represents the considered opinion of this department, and you are accordingly so advised.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR

APPROVED MAY 9, 1940

ATTORNEY GENERAL OF TEXAS

